UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CORY LAMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-50026 |
| | ) |
| MATTEL, INC., | ) |
| a California corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, CORY LAMB, by and through his attorneys, HolmstromKennedyPC, for his Complaint against the Defendant, MATTEL, INC., a California corporation, alleges and states:

1. This Court has jurisdiction over this action pursuant to: (i) 28 U.S.C. §§ 1331, 1338(a) and (b), 1400 and 15 U.S.C. § 1121 as an action for violation of the Lanham Act, 15 U.S.C. §§ 1051 et seq.; and (ii) 28 U.S.C. § 1367(a) pursuant to the principles of supplemental jurisdiction.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) in that Defendant does business in and has violated the Trademark at issue within the Northern District of Illinois, Western Division and pursuant to 28 U.S.C. § 1391(b)(2) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

3. This is an action for: (i) infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition and trademark infringement in violation of the common law of the State of Illinois; (iv) violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 et. seq.;

(v) violation of the Illinois Trademark Act ,765 ILCS 1036/1, *et seq.*, and (v) violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 *et seq.*

4. As described more fully below, Defendant's adoption and use of "BAD RATITUDE" as a name of one of its cars is in violation of Plaintiff's established rights in its federally registered trademark **BAD RATTITUDE RACING**.

## THE PARTIES

5. Plaintiff, Cory Lamb (hereinafter "Cory"), is an individual residing at 10903 Thurlby Road, Kingston, Illinois 60145. Cory is a race car driver in, *inter alia*, the Northern District of Illinois, Western Division.

6. Defendant, Mattel, Inc. (hereinafter "Mattel"), is a corporation organized under the laws of the State of California and has its principal place of business at 333 Continental Boulevard, El Segundo, California. Defendant makes and sells, *inter alia*, "Hot Wheels" toy race cars.

## MARK

7. Cory is the exclusive owner of the mark "BAD RATTITIUDE RACING" (hereinafter "Mark") which was registered as No. 3,681,274 on the principal register of the United States Patent and Trademark Office (hereinafter "USPTO") on September 8, 2009. (See Exhibit 1).

8. The certificate of registration identified above is valid and subsisting and records title in Cory; the certificate of registration is *prima facie* evidence of the validity of the registration, Cory's ownership of the Mark, and Cory's exclusive right to use the Mark in commerce in connection with the goods and services specified in the certificate of registration under the provisions of 15 U.S.C. § 1057(b), and provides constructive notice of Cory's claim of ownership under 15 U.S.C. § 1072.

9. Cory has been vigilant in protecting his interest in the Mark.

## BACKGROUND FACTS

10. Continuously from on or about September 8, 2009, Cory has used his Mark in connection with and to identify his race car and car racing entertainment and to distinguish his race car and car racing entertainment from similar services offered by others including by prominently displaying such Mark on his truck, trailer, pit vehicle, shirts, jackets and hats.

11. In addition, as of the date of the filing of this Complaint, Cory is actively engaged in expanding his use of his Mark in connection with racing entertainment throughout the United States, including the State of Illinois.

12. Cory has spent substantial time, effort and money advertising and promoting his Mark throughout the United States, and his Mark has consequently developed significant goodwill, become distinctive, and acquired secondary meaning.

13. Cory's Marks are presumptively valid pursuant to 15 USC §1057(b). Additionally, Cory's Marks have attained the status of "incontestable" pursuant to 15 USC § 1065.

14. Mattel has infringed Cory's Mark in interstate commerce by various acts, including, without limitation, selling, offering for sale, promotion and advertising of several toy racing cars under the name "Bad Ratitude". (See Group Exhibit 2.)

15. Mattel's use of this designation is without Cory's permission or authority and said use is likely to cause confusion, to cause mistake, and/or to deceive.

16. Mattel's use of this term has been made, not withstanding Cory's well-known and prior established rights in the Mark and with both actual and constructive notice of Cory's federal registration rights under 15 U.S.C. §1072. In an Office Action dated January 7, 2013 denying Mattel's attempt to register "Bad Ratitude", the USPTO found that "[t]he similarity between the marks and the goods and services creates a likelihood of confusion among consumers as to the

3

source of the goods and services." (See Exhibit 3.) Cory also sent demand letters dated June 3, 2015 and July 29, 2015. (See Group Exhibit 4).

17. Mattel's infringing activities have caused, and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Cory's business, reputation and good will in his federally registered Mark. Cory has no adequate remedy at law.

## Count I

### *False Designation of Origin under 15 U.S.C. §1125(A)*

18. Cory hereby realleges and incorporates by reference the allegations of paragraphs 1-17 of this Complaint as if fully set forth herein.

19. Mattel has used the designation "Bad Ratitude" in interstate commerce through its toy racing car advertising and sales. Said use of the designations are false designations of origin, false or misleading descriptions and representations of facts which are likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Mattel with Cory as to the origin, sponsorship or approval of Mattel's products.

20. Mattel's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Cory's business, reputation and good will in his Mark. Cory has no adequate remedy at law.

## Count II

### *Infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114*

21. Cory hereby realleges and incorporates by reference the allegations of paragraphs 1-20 of this Complaint as if fully set forth herein.

22. The actions of Mattel infringe a registered trademark and therefore violate Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

23. Mattel's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Cory's business, reputation and good will in its Mark. Cory has no adequate remedy at law.

## Count III

*Common Law Unfair Competition in Trademark Infringement*

24. Cory hereby realleges and incorporates by reference the allegations of paragraphs 1-23 of this Complaint as if fully set forth herein.

25. Mattel's activities as stated herein, constitute unfair competition and an infringement of Cory's common law trademark rights in the mark "Bad Rattitude" within the State of Illinois and in violation of Illinois law.

26. Mattel's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Cory's business, reputation, and goodwill in his Mark. Cory has no adequate remedy at law.

## Count IV

*Deceptive Trade Practices*

27. Cory hereby realleges and incorporates by reference the allegations of paragraphs 1-26 of this Complaint as if fully set forth herein.

28. Mattel's activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et. seq.*

29. Mattel's wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Cory's business, reputation, and goodwill in his Mark. Cory has no adequate remedy at law.

### Count V

*Consumer Fraud and Deceptive Business Practices Act*

30. Cory hereby realleges and incorporates by reference the allegations of paragraphs 1-29 of this Complaint as if fully set forth herein.

31. At all relevant times, there was in full force and effect the Illinois Consumer Fraud and Deceptive Trade Practices Act, Section 2 of which provides in relevant part:

505/2. Unlawful practices; construction with Federal Trade Commission Act

> ' 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. ...

815 ILCS 505/2.

32. Mattel's actions, as described above, constitute practices prohibited by the Uniform Deceptive Trade Practices Act and are therefore prohibited by the Consumer Fraud and Deceptive Business Practices Act.

33. Mattel's wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damages to Cory's business, reputation, and good will in his Mark. Cory has no adequate remedy at law.

**WHEREFORE**, Plaintiff, CORY LAMB, prays for judgment against Defendant, MATTEL, INC., a California corporation, as follows:

A.  For judgment that:

   (i)   Defendant has violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

   (ii)  Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

   (iii) Defendant has violated the Illinois Deceptive Trade Practices Act;

   (iv)  Defendant has violated the Consumer Fraud and Deceptive Business Practices Act;

   (v)   Defendant has violated the Illinois Trademark Act; and

   (vi)  Defendant engaged in unfair competition and trademark infringement in violation of the common law of the State of Illinois.

B.  For a preliminary and permanent injunction restraining Defendant, its agents, servants, employees, successors and assigns and all others in concert and privity with them from using the designation "Bad Ratitude" in connection with toy racing cars.

C.  For an Order directing the following:

   (i)   Defendant to account for and pay over to Plaintiff all of Defendant's profits derived from its unlawful conduct, to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a);

   (ii)  As an alternative to awarding profits under Section 35(a), awarding Plaintiff statutory damages as provided for by Section 35(c) of the Lanham Act, 15 U.S.C. §1117(c);

   (iii) Defendant to account for and pay over to Plaintiff the greater of Defendant's profits and the actual damages suffered by Plaintiff as a result of Defendant's acts of infringement, unfair competition, and unfair and deceptive trade practices, together with interest pursuant to the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et. seq.* and punitive damages in an amount equal to the greater of One Thousand and no/100 Dollars ($1,000.00) per infringing car sold, or Five Hundred Thousand and no/100 Dollars ($500,000.00), plus Plaintiff's attorneys' fees and costs pursuant to the Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 *et seq.*;

(iv) Defendant to account for and pay over to Plaintiff three times the Defendant's profits and the actual damages suffered by Plaintiff as a result of Defendant's acts of infringement, together with attorneys' fees pursuant to the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/1 *et. seq.*;

(v) Awarding Plaintiff general and special damages to the full extent provided for by the common law of the State of Illinois;

(vi) Awarding treble and/or punitive damages in addition to compensatory or statutory damages;

(vii) Defendant to retrieve and surrender for destruction all goods and materials of whatever nature constituting the infringement;

(viii) That Defendant be ordered to surrender for destruction all name plates, labels, advertisements, and other materials incorporating or reproducing the infringing terms pursuant to §36 of the Lanham Act (15 USC §1118) and Illinois law.

D. That Defendant be compelled to pay Plaintiff's attorneys' fees, together with the costs of this suit, pursuant to §35 of the Lanham Act (15 U.S.C. §1117) and §2 of the Consumer Fraud and Deceptive Trade Practices Act (815 ILCS 505/2).

E. For such other and further relief as may be just and equitable.

CORY LAMB, Plaintiff

BY: HolmstromKennedyPC,
His Attorneys

BY: _____
One of Its Attorneys

ALEXANDER J. MEZNY (#6209513)
JOSEPH F. ARIAS (#6277052)
J. JOSEPH McCOY (#6293332)
JOCELYN L. KOCH (#6298482)
HolmstromKennedyPC
800 N. Church Street
P.O. Box 589
Rockford, IL 61105-0589
(815) 962-7071
(815) 962-7181 (Fax)

## JURY DEMAND

Plaintiff, CORY LAMB, by his attorneys, HolmstromKennedyPC, demands a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

                CORY LAMB, Plaintiff

        BY:   HolmstromKennedyPC,
                  His Attorneys

        BY: _____
                  One of Its Attorneys

ALEXANDER J. MEZNY (#6209513)
JOSEPH F. ARIAS (#6277052)
J. JOSEPH McCOY (#6293332)
JOCELYN L. KOCH (#6298482)
HolmstromKennedyPC
800 N. Church Street
P.O. Box 589
Rockford, IL 61105-0589
(815) 962-7071
(815) 962-7181 (Fax)